ALLIANCE HAIL ASSOCIATION, a corporation, Appellant, v. JOSEPH B. PLATZER, Respondent.

(184 N. W. 573.)

**Insurance — evidence held to sustain findings for plaintiff for part of relief.**
In an action involving loss sustained under a hail insurance policy, the evidence is examined, and it is *held* that the findings of the trial court have substantial support in the evidence.

Opinion filed Sept. 23, 1921.

From a judgment of the County Court of Renville County, *Crewe,* J., plaintiff appeals.

Affirmed.

*C. S. Buck,* for appellant.

*B. H. Bradford* and *J. E. Bryans,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to recover on a note executed and delivered by the defendant to the plaintiff in May, 1910, in the sum of $151.68. The defendant in his answer admitted the execution and delivery of the note, and, by way of counterclaim, alleged that the plaintiff is an insurance corporation organized under the laws of this state, engaged in the business of writing hail insurance; that the note in suit was executed and delivered by the defendant to the plaintiff as a premium for an insurance policy issued by the plaintiff to the defendant wherein it insured the defendant against loss or damage by hail, during the year 1910, in the sum of $2,500 upon 100 acres of barley, 100 acres of oats, and 400 acres of wheat sown, planted, and raised on certain lands in sections 29, 31, 32, and 33, township 160 north, of range 85 west, in Renville county in this state; that the defendant was the owner of all crops so insured and that by said insurance policy the plaintiff promised and agreed to pay the defendant all damages occasioned to such crops by hail during the year 1910, not exceeding the sum of $8 per acre; that on or about the 1st day of August, 1910, and while said policy of insurance was still in

force, all of said crops heretofore mentioned were damaged and partly destroyed by hail; that by reason of such destruction the defendant was damaged in the sum of $1,000; that defendant has fulfilled all of the conditions of the insurance policy on his part required to be kept and performed and gave plaintiff due notice and proof of such loss; that, although said plaintiff examined such loss, it failed, refused, and neglected to pay the defendant therefor. The plaintiff interposed a reply, wherein it alleged that upon notification of the loss it sent its adjuster, who, on or about August 19, 1910, adjusted the loss at $66, and that said amount was credited upon the note. In the reply it is further alleged that, inasmuch as the defendant did not notify the secretary of the plaintiff association that he was dissatisfied with the adjustment and demanded a readjustment, the adjustment so made became binding upon him by virtue of the provisions of the by-laws of the association. The cause came on for trial upon the issues framed by these pleadings. At the conclusion of all of the testimony both parties moved for directed verdicts. The court thereupon discharged the jury and made findings of fact in favor of the defendant and against the plaintiff. The court found that defendant had been damaged in the sum of $1,000 and ordered judgment in his favor for that amount. The plaintiff has appealed from the judgment entered upon such findings.

The only question argued on this appeal relates to the sufficiency of the evidence submitted by the defendant as to the amount of damages sustained. A careful consideration of the evidence leads us to the conclusion that there is substantial evidence in support of the findings of the trial court. It is true the defendant admitted that he did not remember the value per bushel of the grain at and prior to the time of the hailstorm, but in answer to the last questions asked him he testified positively that the crop destroyed was worth at least $8 per acre. He also testified that up to the time of the hailstorm the crops looked good; that he threshed only 175 bushels of wheat; and that prior to the hailstorm he figured the wheat was good for 10 bushels to the acre. Elsewhere he testified that he originally estimated his loss at about 90 per cent., but on sending in a report of the loss put in a claim wherein the loss was stated to be in amounts ranging from 40 per cent. on flax and barley to 80 percent. on wheat.

Plaintiff attempts to demonstrate that defendant's loss, according to his own testimony, could not have been as much as the court allowed. This is based upon taking the number of bushels of grain which the de-

fendant later threshed and the percentage as stated in the notice of loss on the other. This was doubtless an argument to be used in considering defendant's testimony. But it was for the trial court to pass upon the testimony, and, as already stated, the very last testimony of the defendant upon the subject contained in the record was to the effect that the crop destroyed was worth at least $8 per acre, and according to this testimony, if he sustained the percentage of loss stated, both in his testimony and in the notice of loss submitted to the company he sustained a greater loss than that allowed by the trial court. In this connection, it should be stated that the testimony of the defendant as to the amount of the loss is undisputed. The plaintiff did not see fit to put in any testimony whatever tending to contradict the defendant's testimony on this point. Ordinarily, an owner is competent to testify to the value of his own property, and upon the record before us we cannot say that the findings of the trial court as to the amount of damages sustained by the defendant is not supported by substantial evidence.

It follows from what has been said that the judgment appealed from must be affirmed.

It is so ordered.

BRONSON, ROBINSON, and BIRDZELL, JJ., concur.

GRACE, C. J., being disqualified, did not participate.